**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| **TIRZA BUTCHER-SMITH and KATHLEEN JOHNSON, on behalf of themselves and all others similarly situated**, | Case No: _____ |
| Plaintiff, | Hon. _____ |
| v. | **COMPLAINT AND JURY DEMAND** |
| **GOSPEL LIGHT MENNONITE CHURCH MEDICAL AID PLAN, INC. dba LIBERTY HEALTHSHARE,** |  |
| Defendant. |  |

## I.    INTRODUCTION

1.    Plaintiffs Tirza Butcher-Smith ("Plaintiff Butcher-Smith") and Kathleen Johnson ("Plaintiff Johnson") (collectively, "Named Plaintiffs"), for their Complaint against Gospel Light Mennonite Church Medical Aid Plan, Inc. *dba* Liberty HealthShare ("Defendant"), bring this action on behalf of themselves and all non-exempt employees employed by Defendant who worked at least thirty-eight (38) hours in any one workweek anywhere in the United States. Named Plaintiffs bring this action to recover compensation, liquidated damages, attorneys' fees and costs, and other equitable relief pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. § 201 *et seq*. Named Plaintiffs seek Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to inform other similarly situated employees of their rights under the FLSA.

2.    Named Plaintiffs also bring their Ohio claims against Defendant in order to recover compensation, liquidated damages, attorneys' fees and costs, and other equitable relief pursuant to the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 et. seq., (the "Ohio Wage Act"), the

1

Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be collectively referred to as the "Ohio Acts") and O.R.C. § 2307.60 on behalf of themselves  and all similarly situated employees from Ohio who file their written consent to join this action pursuant to Ohio Rev. Code. § 4111.14(k). Named Plaintiffs seek Court Supervised Notice pursuant to Ohio Rev. Code § 4111.14(k).

3.      Under the FLSA and the Ohio Wage Acts, Defendant was required to pay for all hours Named Plaintiffs worked and pay her 150% of their regular rate for all hours worked over 40 in a workweek. By willfully failing to compensate Named Plaintiffs and the Putative Plaintiffs, who performed work off-the-clock, Defendant violated the FLSA and the Ohio Acts.

**II.     PARTIES AND JURISDICTION**

4.      Named Plaintiff Tirza Butcher-Smith ("Plaintiff Butcher-Smith") is an adult individual residing at 1102 Grandview Ave SW Canton OH 44710. Plaintiff Butcher-Smith was employed by Defendant as a Sales Advocate at Defendant's Canton, Ohio location from July 2020 until December 2023. Her notice of consent is attached as **Exhibit A.**

5.      Named Plaintiff Kathleen Johnson ("Plaintiff Johnson") is an adult individual residing at 1548 Clark Ave. SW Canton, OH 44706. Plaintiff Johnson was employed by Defendant as an Enrollment Team Member at Defendant's Canton, Ohio location from 2018 until May 2023. Her notice of consent is attached as **Exhibit B**.

6.      The Putative Plaintiffs are all non-exempt employees employed by Defendant at any time within the period of three (3) years preceding the filing of Plaintiff's Motion for Court Supervised Notice through the date of judgment who worked at least thirty-eight (38) hours in any one workweek (hereinafter referred to as "Putative Plaintiffs").

7.      Gospel Light Mennonite Church Medical Aid Plan, Inc. *dba* Liberty HealthShare ("Defendant") is a non-profit corporation formed in Virgina but headquartered and conducts its core operations at 4455 Hills and Dales Rd. NW Canton, Ohio 44708 and is registered to do business in the state of Ohio. Process may be served upon its Registered Agent, Michael Fairless, 4455 Hills and Dales Rd. NW Canton, Ohio 44708.

8.      This Court has federal question jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331 because it asserts claims under the Fair Labor Standards Act ("FLSA").

9.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the claims share a common nucleus of operative fact and arise out of the same occurrence as the federal claims.

10.      Venue in the Northern District of Ohio is proper pursuant to 28 U.S.C. § 1391 as the Defendant is headquartered within the District.

## II.      FACTUAL ALLEGATIONS

11.      At all times material to this Complaint, Defendant was an employer within the meaning of the FLSA and Ohio Wage Laws.

12.      During all times material to this Complaint, Defendant employed Named Plaintiffs and the Putative Plaintiffs within the meaning of the FLSA and Ohio Wage Laws.

13.      During all times material to this Complaint, Named Plaintiffs and the Putative Plaintiffs were Defendant's employees pursuant to the FLSA and Oregon Wage Laws.

14.      During all times material to this Complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling,

3

or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

15. During all times material to this Complaint, Named Plaintiffs and the Putative Plaintiffs were non-exempt employees as that term is defined by the FLSA and Ohio Wage Laws.

16. Defendant runs a community-based healthcare cost-sharing program wherein members can either contribute toward the medical expenses of fellow members or receive help themselves from other members' contributions.[1]

17. Defendant has employed hundreds of Sales Agents and Enrollment Team Members over the past three years as part of its call centers to handle consumer and customer phone calls concerning various issues.

18. During all times material to this Complaint, and upon information and belief, Defendant compensated (and continues to compensate) Named Plaintiffs and the Putative Plaintiffs on an hourly basis and classified them as non-exempt employees under the FLSA.

19. During all times material to this Complaint, Named Plaintiffs and the Putative Plaintiffs job duties consisting of selling client memberships, updating information in Defendant's systems, assisting with the enrollment process, and making or receiving phone calls from clients regarding their memberships.

20. During all times material to this Complaint, Defendant's business is not a "retail or service establishment" within the meaning of 29 U.S.C. §207(i), as it is a non-profit, faith-based organization that facilitates the sharing of medical expenses among its members.

---

[1] *See* https://www.libertyhealthshare.org/how-it-works accessed on 10/20/2025.

Defendant's business model does not involve the sale of goods or services to the general consuming public.

21. During all times material to this Complaint, Named Plaintiffs were typically scheduled to work Monday through Friday from 8:00 a.m. to 4:30 p.m.

22. However, during all times material to this Complaint, Named Plaintiffs and the Putative Plaintiffs regularly worked (and continue to work) in excess of forty (40) hours in a work week.

23. During all times material to this Complaint, based on Defendant's companywide policy, Named Plaintiffs and the Putative Plaintiffs were required to perform work "off-the-clock" and without pay.

24. During all times material to this Complaint, Named Plaintiffs and the Putative Plaintiffs worked at Defendant's location at 4455 Hills and Dales Rd. NW Canton, Ohio ("Defendant's Facility').

25. During all times material to this Complaint, Defendant maintained and enforced a companywide policy that Named Plaintiffs and the Putative Plaintiffs could not clock into Defendant's timekeeping system, KRONOS any earlier than five (5) minutes before the start of their shift.

26. During all times material to this Complaint, Defendant maintained and enforced a companywide policy that Named Plaintiffs and the Putative Plaintiffs must be clocked in to KRONOS and have logged into and opened up the various programs and software they needed to service Defendant's before the start of their shift.

27. The various programs and software Named Plaintiffs and the Putative Plaintiffs opened each day before the start of their shift enabled them to see client information for phone

5

calls, process membership enrollment applications, and reference materials about the different plans and programs that Defendant offered.

28.     For example, Plaintiff Johnson was required to log into Salesforce to access membership and client information, a client advising system, multiple chats to communicate with supervisors and receive assignments, and four (4) separate windows pulled up with client billing information prior to clocking in.

29.     During all times material to this Complaint, Named Plaintiff and the Putative Plaintiffs regularly arrived at the Defendant's facility between thirty (30) minutes and fifteen (15) minutes before their scheduled shifts. To gain access to Defendant's Facility, they would have to scan their company issued badges.

30.     During all times material to this Complaint, the computers Defendant issued Named Plaintiffs and the Putative Plaintiffs required between (5) and fifteen (15) minutes to fully boot up and become operational.

31.     During all times material to this Complaint, booting up their computers was a necessary and indispensable task and part of Named Plaintiffs' and the Putative Plaintiffs' job duties.

32.     During all times material to this Complaint, logging on to KRONOS was a necessary and indispensable task and part of Named Plaintiffs' and the Putative Plaintiffs' job duties.

33.     During all times material to this Complaint, opening up and logging into Defendant's programs and software was a necessary and indispensable task and part of Named Plaintiffs' and the Putative Plaintiffs' job duties

34. Both the time Named Plaintiffs and the Putative Plaintiffs spent turning on their computers and starting up or logging into the applications will hereinafter be referred to as "Clock-in Duties." Named Plaintiffs and the Putative Plaintiffs typically spent (and continue to spend) anywhere from five (5) to thirty (30) minutes performing their Clock-in Duties "off-the-clock" and without pay.

35. Indeed, Defendant required Named Plaintiffs and the Putative Plaintiffs to be ready to accept their first customer call the moment the employee's official shift starts.

36. In order to be ready to accept calls the moment the official shift starts, the Clock-in Duties must be complete to allow employees to see client information for phone calls, receive guidance, and communicate with supervisors throughout the day.

37. If Named Plaintiffs and the Putative Plaintiffs have not completed their Clock-in Duties prior to their clock in time, they will not be prepared to take phone calls by their shift start time, and they can be (and often are) subject to discipline.

38. Defendant's requirements further extend to Named Plaintiffs and the Putative Plaintiffs as they return to clock-in after lunch or breaks throughout the shift. Named Plaintiffs and the Putative Plaintiffs are oftentimes required to end their lunch and breaks early in order to complete their Clock-in Duties before getting back to work.

39. During all times material to this Complaint, Defendant had a companywide policy and practice that instructed the Named Plaintiffs and the Putative Plaintiffs to be "phone ready" the moment their scheduled shift starts. This requires Named Plaintiffs and the Putative Plaintiffs to be logged in and have loaded all of their essential work-related computer programs and applications at the start of their shift so they can be prepared to take calls the moment their shift

begins.  Named Plaintiffs' or the Putative Plaintiffs' failure to be "phone ready" could result in poor performance evaluations, warnings, discipline, and possibly termination.

40.     As a result of Defendant's company-wide policy and practice of requiring Named Plaintiffs and the Putative Plaintiffs to perform their Clock-in Duties off-the-clock before the beginning of their shifts, Named Plaintiffs and the Putative Plaintiffs were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

41.     Indeed, Defendant knew that Named Plaintiffs and the Putative Plaintiffs were performing work off-the-clock without pay and continued to let this occur because their supervisors were there when they arrived before their shift and observed them performing the Clock-in Duties "off the clock."

42.     During all times material to this Complaint, the time that Named Plaintiffs and the Putative Plaintiffs began operating any applications they primarily work in or use throughout the workday in connection with answering or handling such inbound calls should have been compensated.

43.     Indeed, During all times material to this Complaint, Named Plaintiffs and the Putative Plaintiffs were entitled to be paid for all hours worked in excess of forty (40) in a workweek at 150% the appropriate regular rate.

44.     By not paying Named Plaintiffs and the Employees Entitled to Notice at a rate of 150% of their regular rate for all hours worked over forty (40) in a workweek, Defendant willfully violated the FLSA and Ohio Wage Laws.

III.     **COURT SUPERVISED NOTICE PURSUANT TO 29 USC § 216(b) ALLEGING FLSA VIOLATIONS**

8

45.     Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

46.     Named Plaintiffs request that the Court issue Court Supervised Notice to the following group of current and former employees defined as:

> **All current and former non-exempt employees employed by Gospel Light Mennonite Church Medical Aid Plan, Inc.** *dba* **Liberty HealthShare at any time within the period of three (3) years preceding the filing of Plaintiff's Complaint through the date of judgment, who worked at least 38 hours in any one workweek. ("Employees Entitled to Notice")**

47.     Named Plaintiffs reserve the right to amend and refine the definition of the Employees Entitled to Notice she seeks to have the Court serve notice based upon further investigation and discovery.

48.     The precise size and identity of the proposed Employees Entitled to Notice should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant.

49.     Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because there exists at least a strong likelihood that they are similarly situated to the Named Plaintiffs.

50.     Sending Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because they have been subjected to single companywide policies and common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendant satisfied the FLSA's requirements for paying them for all hours worked.

51. Defendant willfully withheld Named Plaintiffs and the Employees Entitled to Notice's earned overtime compensation for work they performed pursuant to the common policies described herein.

52. Named Plaintiffs and the Employees Entitled to Notice are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

53. Named Plaintiffs and the Employees Entitled to Notice have been similarly affected by the violations of Defendant in workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned FLSA compliant wages.

54. Named Plaintiffs seek to have the Court send supervised notice pursuant to 29 U.S.C. § 216(b), as defined above, to the proposed group of similarly situated current and former employees, i.e., Employees Entitled to Notice.

55. Named Plaintiffs are similarly situated to the Employees Entitled to Notice and will prosecute this action vigorously on their behalf.

56. Named Plaintiffs intend to send notice to all the Employees Entitled to Notice pursuant to Section 216(b) of the FLSA. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the FLSA.

57. Named Plaintiffs and the Employees Entitled to Notice have been damaged by Defendant's willful refusal to pay entitled overtime compensation for all hours worked.

58. As result of Defendant's FLSA violations, Named Plaintiffs and the Employees Entitled to Notice are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

**IV.     CAUSES OF ACTION**

<u>COUNT I</u>
**VIOLATION OF THE OVERTIME REQUIREMENTS OF THE FLSA**

59.     Named Plaintiffs re-allege and incorporate by reference, the allegations set forth in the preceding paragraphs.

60.     Named Plaintiffs assert this claim on behalf of themselves and Employees Entitled to Notice by filing a consent form pursuant to 29 U.S.C. § 216(b).

61.     At all times material to this Complaint, Defendant was subject to the FLSA and employed Named Plaintiffs, and upon information and belief, the Employees Entitled to Notice pursuant to the FLSA.

62.     At all times material to this Complaint, Named Plaintiffs, and upon information and belief, the Employees Entitled to Notice, were non-exempt employees entitled to FLSA coverage.

63.     At all times material to this Complaint, Defendant regularly employed Named Plaintiffs and, upon information and belief, the Employees Entitled to Notice, to work more than forty (40) hours in a workweek.

64.     At all times material to this Complaint, Named Plaintiffs, and upon information and belief, the Employees Entitled to Notice were entitled to receive time and a half for their hours worked in excess of forty (40) in a workweek.

65.     At all times material to this Complaint, Named Plaintiffs, and upon information and belief, the Employees Entitled to Notice were not paid for all hours worked and overtime compensation at the rates required by the FLSA, resulting from generally applicable policies and practices of Defendant.

66.     Defendant willfully subjected Named Plaintiffs and, upon information and belief, the Employees Entitled to Notice, to a companywide policy that required employees to perform off-the-clock work without pay, a failure to perform as required by the FLSA.

67.     Named Plaintiffs and the Employees Entitled to Notice are entitled to recover all unpaid overtime wages, an equal amount in liquidated damages, and attorney's fees and expenses pursuant to 29 U.S.C. § 216(b).

68.     In violating the FLSA, Defendant, lacking a good faith basis, acted willfully and with reckless disregard for clearly applicable FLSA provisions.

## COUNT II
## VIOLATION OF THE OHIO WAGE ACT

69.     Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

70.     Named Plaintiffs bring this claim of willful violation on behalf of themselves and the Employees Entitled to Notice who join this lawsuit from Ohio pursuant to Ohio Rev. Code § 4111.14(k).

71.     The Ohio Wage Act provides that covered employees shall be compensated for every hour worked in one workweek. *See* O.R.C. §§ 4111, *et seq.*; *see also* 29 U.S.C. § 206(b).

72.     The Ohio Wage Act provides that employees shall receive overtime compensation at a rate "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) hours in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

73.     At all times material to this Complaint, Defendant was an employer covered by the Ohio Wage Act and has been thus required to comply with its mandates.

12

74.	At all times material to this Complaint, Named Plaintiffs and the Employees Entitled to Notice who join this lawsuit from Ohio were covered "employees" of Defendant pursuant to the Ohio Wage Act and thus entitled to the Ohio Wage Act's protections.

75.	At all times material to this Complaint, Defendant regularly employed Named Plaintiffs and the Employees Entitled to Notice who join this lawsuit from Ohio to work more than forty (40) hours in a workweek.

76.	At all times material to this Complaint, Defendant willfully violated the Ohio Wage Act by repeatedly failing to compensate Named Plaintiffs and the Employees Entitled to Notice who join this lawsuit from Ohio for all hours worked, including Defendant's repeated action of refusing to compensate Named Plaintiffs and the Employees Entitled to Notice who join this lawsuit from Ohio for all hours worked over forty (40) hours in a workweek at a rate not less than one and one-half times her regular rate.

77.	Defendant violated the Ohio Wage Act because it knew or should have known Named Plaintiffs and the Employees Entitled to Notice who join this lawsuit from Ohio should have been paid overtime for all hours worked over forty (40) in a workweek, including work performed beyond their regularly scheduled hours.

78.	Indeed, at all times material to this Complaint, Named Plaintiffs and the Employees Entitled to Notice who join this lawsuit from Ohio did not receive one and one-half times their regular rate for all hours they worked in excess of forty (40) in a workweek.

79.	Named Plaintiffs and the Employees Entitled to Notice who join this lawsuit from Ohio are not exempt from the wage protections of Ohio Law. During relevant times, Named Plaintiffs and the Employees Entitled to Notice who join this lawsuit from Ohio were not exempt from receiving overtime because they were not "executive," "administrative," "professional,"

"outside sales," or "computer" employees, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* C.F.R. §§ 541 *et seq*.

80. In violating the Ohio Wage Act, Defendant's acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

81. Named Plaintiffs and the Employees Entitled to Notice are entitled to unpaid overtime and other compensation, interest and attorneys' fees, and all other remedies available as compensation for Defendant's violations of the Ohio Wage Act, by which Named Plaintiffs and the Employees Entitled to Notice suffered damages.

## COUNT III
### OHIO PROMPT PAY ACT – FAILURE TO PROMPTLY PAY WAGES

82. Named Plaintiffs re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

83. Named Plaintiffs bring this claim of willful violation on behalf of themselves and the Employees Entitled to Notice who join this lawsuit from Ohio pursuant to Ohio Rev. Code § 4111.14(k).

84. At all times relevant to this Complaint, Defendant was Named Plaintiffs' and the Employees' Entitled to Notice who join this lawsuit from Ohio "employer" and was required to comply with the Ohio Prompt Pay Act's provisions. *See* R.C. § 4113.15.

85. The OPPA provides that employers shall pay covered employees all wages, including overtime, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* R.C. § 4113.15(A).

86. At all times material to this Complaint, Defendant refused to pay Named Plaintiffs and the Employees Entitled to Notice who join this lawsuit from Ohio all owed overtime

wages at one and one-half (1 ½) times their normal hourly rate and all wages at the statutorily mandate minimum wage rate, within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

87.    Named Plaintiffs' and the Employees' Entitled to Notice who join this lawsuit from Ohio wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

88.    Defendant's violations of the OPPA have been of a willful, intentional, or bad faith nature or have otherwise exhibited a reckless disregard of the OPPA's provisions.

## COUNT IV
### VIOLATION OF O.R.C. § 2307.60 AND 29 U.S.C. § 216(a)

89.    Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

90.    Named Plaintiffs bring this claim on behalf of themselves and the Employees Entitled to Notice who join this lawsuit from Ohio pursuant to Ohio Rev. Code § 4111.14(k).

91.    The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

92.    By its acts and omissions described herein, Defendant has willfully violated the FLSA, and Named Plaintiffs and the Employees Entitled to Notice who join this lawsuit have been injured as a result.

93.    O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

94.    As a result of Defendant's willful violations of the FLSA, Named Plaintiffs and the Employees Entitled to Notice who join this lawsuit are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

**PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiffs, on behalf of themselves and the Putative Plaintiffs, pray that this Court enter the following relief:

A.  For an Order sending Court Supervised Notice to the FLSA Employees Entitled to Notice as defined herein and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

B.  In the event the Defendant seeks to have discovery on the issues of whether the FLSA Employees Entitled to Notice are similarly situated to the Named Plaintiffs, that the Court issue an order tolling the FLSA statute of limitation for the FLSA Employees Entitled to Notice as of the filing of this Complaint.

C.  Designating Named Plaintiffs as representatives for the FLSA Employees Entitled to Notice and designating counsel of record as Class Counsel;

D.  Issuing proper notice to the FLSA Employees Entitled to Notice at Defendant's expense;

E.  Unpaid wages, including overtime wages and an equal amount as liquidated damages pursuant to the FLSA and the supporting regulations for the Named Plaintiffs and the FLSA Employees Entitled to Notice;

F.  A declaratory judgment that the practice complained of herein is unlawful under the Ohio Wage Act and the OPPA;

G.  Awarding Named Plaintiffs and the Employees Entitled to Notice who join this lawsuit from Ohio the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the OPPA.

H.  Compensatory and punitive damages under O.R.C. § 2307.60.

I.   Awarding pre-judgment and post-judgment interest;

J.   Any other relief to which the Named Plaintiffs and Employees Entitled to Notice may be

entitled.

Dated: October 29, 2025                 Respectfully submitted,

**BARKAN MEIZLISH DEROSE COX, LLP**

*/s/ Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
Nickole K. Iula (OH Bar No. 0099895)
Anna R. Caplan (OH Bar No. 0104562)
4200 Regent Street, Ste 210
Columbus, Ohio 43219
Telephone: 614-221-4221
Email: bderose@barkanmeizlish.com
       niula@barkanmeizlish.com
       acaplan@barkanmeizlish.com

*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs request a trial by jury on all of their claims.

*/s/ Robert E. DeRose, Esq.*
Robert E. DeRose